FILED

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

02 JUL 24 AM 10: 19

U.S. DISTRICT COURT
N.D. OF ALABAMA

| | | |
|---|---|---|
| DELSHUN KEGLEY, | ) | |
| PLAINTIFF, | ) | |
| VS. | ) | CV-02-H-1179-S |
| GINSBERG DERMATOLOGY CENTER, | ) | |
| DEFENDANT. | ) | |

ENTERED

JUL 2 4 2002

**MEMORANDUM OF DECISION**

The court has before it the May 9, 2002 complaint in which, charitably construed, plaintiff seeks to assert claims predicated upon her employer regarding her as having a physical impairment that substantially limits one or more of the major life activities of plaintiff. See 42 U.S.C. § 12102(2)(C). On May 30, 2002 defendant filed a motion to dismiss the action pursuant to Fed. R. Civ. P. 12(b)(6). Even a cursory review of the motion to dismiss, after reviewing the complaint he filed on behalf of plaintiff, should have told counsel for plaintiff that the motion to dismiss was not frivolous. On July 10, 2002 the court gave counsel for plaintiff until July 19, 2002 to file a response to the motion to dismiss. Counsel for plaintiff filed no response. The court concludes that such failure was simply because counsel had no response. In light of Sutton v. United Airlines, Inc. 527 U.S. 471 (1999) and Toyota Motor Mfg. Ky., Inc. v. Williams, 534 U.S. 184 (2002), the court agrees with

plaintiff's counsel's evaluation of his complaint.  The complaint does indeed fail to state a claim upon which relief can be granted, and an order granting the motion and dismissing the action will be entered.

DONE this 24th day of July, 2002.

_____
SENIOR UNITED STATES DISTRICT JUDGE